**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 07-7182**

—————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PATRICK KIT PLUMLEE,

Defendant - Appellant.

—————————

**No. 07-7250**

—————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MAX ORVEL PLUMLEE,

Defendant - Appellant.

—————————

Appeals from the United States District Court for the Eastern District of Virginia, at Newport News. Raymond A. Jackson, District Judge. (4:94-cr-00002-2; 4:07-cv-00049-RAJ; 4:94-cr-00002-1; 4:07-cv-48)

—————————

Submitted: October 11, 2007      Decided: October 18, 2007

—————————

Before MICHAEL and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Dismissed by unpublished per curiam opinion.

———————————

Patrick Kit Plumlee, Max Orvel Plumlee, Appellants Pro Se. Stephen Wiley Miller, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia; Kevin Michael Comstock, Sherrie Scott Capotosto, Assistant United States Attorneys, Norfolk, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Patrick Kit Plumlee and Max Orvel Plumlee seek to appeal the district court's orders treating their Fed. R. Civ. P. 60(b) motions as successive 28 U.S.C. § 2255 (2000) motions, and dismissing them on that basis. The orders are not appealable unless a circuit justice or judge issues a certificate of appealability. See 28 U.S.C. § 2253(c)(1) (2000); Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). We have independently reviewed the records and conclude that the Plumlees have not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeals.

Additionally, we construe the Plumlees' notices of appeal and informal briefs as applications to file second or successive motions under 28 U.S.C. § 2255 (2000). See United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain

- 3 -

authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the movant guilty of the offense. See 28 U.S.C. §§ 2244(b)(2), 2255 (2000). The Plumlees' claims do not satisfy either of these criteria. Therefore, we deny authorization to file successive § 2255 motions.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED